UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Nicole Madison, | Case No. 09-CV-00930 DWF/AJB |
| Plaintiff, | |
| vs. | FIRST AMENDED COMPLAINT |
| Daniel Willis and John Doe, both acting in their Individual capacities as Minneapolis police officers, | |
| Defendants. | |

_____

For her First Amended Complaint, Plaintiff Nicole Madison ("Madison") states and alleges as follows:

1. This is an action for money damages arising out of the injuries sustained by Madison as a result of the use of excessive force, unreasonable seizure, and violation of her Fourth Amendment rights by Defendant Daniel Willis ("Willis") and/or Defendant John Doe ("Doe").

2. Madison brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

3. Madison was at all times material herein a citizen of the United States and a resident of the State of Minnesota. Madison is twenty-two (22) years old, five foot four inches (5'4") tall, weighs approximately one hundred and thirty pounds (130lbs), and is a nursing student at St. Paul College.

4.    Willis was, at all times material herein, a duly appointed and acting officer of the Minneapolis Police Department and, upon information and belief, a citizen of the United States and a resident of the State of Minnesota. Upon information and belief, Willis is much larger than Madison.

5.    Doe was, at all times relevant herein, a duly appointed and acting officer of the Minneapolis Police Department and, upon information and belief, a citizen of the State of Minnesota, whose identity is currently unknown.

6.    On the evening of December 7, 2008, Madison was with several friends at Club Aqua ("the Club") in Downtown Minneapolis.

7.    Madison and her friends exited the Club at approximately 2:00 a.m. on December 8, 2008.

8.    Shortly thereafter, Madison was walking with her friends away from the Club, near the intersection of 2nd Avenue North and 4th Street North. Madison was acting peaceably, and not engaged in any verbal or physical disturbance.

9.    While Madison walked with her friends, an unknown third party hit one of the friends walking beside her.

10.   When Madison turned to see who hit her friend, Willis struck Madison in the face, causing obvious and severe injury as depicted in the below photograph:



11. Willis's seizure of Madison was intentional, unreasonable and constitutionally improper.

12. Willis's use of force in the form of a head strike on Madison constitutes excessive force as Madison was not engaged in *any* illegal or otherwise improper behavior, and no charges were filed against her.

13. There was no justification for any use of force against Madison on December 8, 2008.

14. Despite the fact that Madison was wholly innocent of any wrongdoing, Willis struck her with such force that she sustained severe injuries to her face and was knocked unconscious.

15. Shortly after Willis struck Madison, Minneapolis Police Officer Efrem Hamilton ("Hamilton") observed that Madison had "blood all over her face" and was unconscious.

16. After Madison regained consciousness, she told Hamilton that she had severe pain in her right cheek, forehead, and neck.

17. Madison also informed Hamilton that she was struck in the face by a police officer.

18. Madison was then transported to Hennepin County Medical Center ("HCMC") via ambulance.

19. Madison arrived at HCMC at approximately 2:40 a.m., and it was noted that she suffered a 2cm facial laceration under her right eye "after being assaulted by a police officer."

20. Medical staff at HCMC used six sutures to treat Madison's facial laceration.

21. Madison now has visible and unwanted permanent scaring on her face as a result of this incident.

22. While Plaintiff believes that Officer Willis is in fact the Minneapolis Police Officer who struck her without legal justification because of her memory and the likely testimony of an other independent third party, given Willis's denial and the undeniable fact she was struck by an individual in a Minneapolis Police uniform, she asserts that Officer Doe struck Madison in the face causing obvious and severe damage.

23. Moreover, if in fact it was Officer Doe who struck Madison, Willis, and other Minneapolis Police Department Officers, know and failed to report that officer's identity.

24. Upon information and belief, despite the obvious severity of Madison's injuries, Willis and/or Officer Doe tried to cover up his misconduct by failing to draft a police report detailing his actions, including his use of force resulting in injury, that evening.

25. Upon information and belief, Willis and/or Officer Doe further tried to cover up his misconduct by failing to draft a use of force report as required by department policy.

26.     By the actions described above, Willis and/or Officer Doe, under color of state law, violated and deprived Madison of her clearly established and well-settled civil rights to be free from unreasonable seizure and excessive force.

27.     Willis and/or Officer Doe subjected Madison to this deprivation of her rights either maliciously or by acting with reckless disregard for whether her rights would be violated by his actions.

28.     As a direct and proximate result of the acts and omissions of Willis and/or Officer Doe, Madison suffered permanent injury, was forced to endure and will in the future suffer great bodily and mental harm, and medical expenses, and was thereby damaged in an amount in excess of $150,000.

29.     Madison claims punitive damages in excess of $150,000 against Willis and/or Officer Doe as a matter of right under federal common law, <u>Smith v. Wade</u>, 461 U.S. 30 (1983), and such damages are not subject to the pleading requirements or the differing standard of proof set forth in Minn. Stat. §549.20.

30.     Madison is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. §1988.

WHEREFORE, Madison prays for judgment against Willis and Officer Doe as follows:

1.     A money judgment against Willis and/or Officer Doe for compensatory damages in an amount in excess of One Hundred Fifty Thousand ($150,000) Dollars and punitive damages in an amount in excess of One Hundred Fifty Thousand ($150,000)

Dollars, together with costs, including reasonable attorneys' fees, under 42 U.S.C. §1988 and prejudgment interest; and

    2.    For such other and further relief as this Court may deem just and equitable.

FLYNN, GASKINS & BENNETT, L.L.P.

Dated: September 28, 2009.    s/Ryan O. Vettleson
Robert Bennett, #6713
Ryan O. Vettleson, #312915
Jeffrey S. Storms, #0387240
333 South Seventh Street, #2900
Minneapolis, MN 55402
Telephone: 612-333-9500
Attorneys for Plaintiff